UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-559-D

JOSEPH PIRELA,

        Plaintiff,

v.

JEFF ATKIN, et al.,

        Defendants.

MEMORANDUM AND
RECOMMENDATION

This matter is before the court for a memorandum and recommendation on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, but the complaint fails to state a claim over which the court has subject matter jurisdiction. Accordingly, it is recommended that the application to proceed *in forma pauperis* be denied and the complaint be dismissed.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations

are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case,

Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff appears to allege that Defendants—who include, among others, the Clerk of Court of the United States Supreme Court, the House of Representatives, the Miami Police Department, the state of Florida, the city of Miami, and several individuals, including United States Congresswoman Ileana Ros-Lehtinen and Judge Thomas Williams, some of whom were named in prior suits filed by Plaintiff—somehow caused a prior federal appeal to be untimely and thus dismissed. [DE-1].[1] Plaintiff lists many Defendants, but his primary claim seems to only implicate Jeff Atkin, Clerk of Court of the United States Supreme Court. Plaintiff generally alleges claims for civil rights violations, claiming he was discriminated against when his appeal of a Florida Supreme Court case was wrongfully dismissed as out of time in the United States Supreme Court.

---

[1] Plaintiff has previously filed several frivolous cases in federal court both here and in the Southern District of Florida against many of the defendants in this action. *See, e.g.*, *Pirela v. State of Florida*, No. 17-CV-21461-KING, [DE-5] (S.D. Fla. Apr. 21, 2017); *Pirela v. State of Florida*, No. 1:17-CV-21125-JEM, [DE-25] (S.D. Fla. May 19, 2017); *Pirela v. Miranda*, No. 5:15-CV-607-D, [DE-32] (E.D.N.C. June 9, 2016), *appeals dismissed*, No. 16-1815 (4th Cir. Oct. 17, 2016) & No. 16-2356 (4th Cir. Mar. 16, 2017); *Pirela v. Calderon*, No. 1:16-CV-20369-FAM, [DE-11] (S.D. Fla. Feb. 5, 2016); *Pirela v. Calderon*, No. 1:15-CV-22899-KMW, [DE-8] (S.D. Fla. Aug. 5, 2015); *Pirela v. Ros-Lehtinen*, No. 1:14-CV-23616-DPG, [DE-18] (S.D. Fla. Jan. 30, 2015).

*Id.* at 1. In later filings, Plaintiff: (1) submitted evidence of mailing an appeal to the United States Supreme Court, which stated the expected delivery date was November 18, 2017 [DE-5]; (2) submitted evidence seemingly from the internet with respect to information regarding some Defendants [DE-6]; (3) filed a motion to stop the Attorneys General of Florida and North Carolina from forcing Plaintiff to be found guilty of a crime [DE-7, -8]; (4) filed a petition for the Attorney General of North Carolina to issue an arrest warrant for an attorney in Florida [DE-9]; and (5) filed an amended complaint, seeking to add as defendants the Miccosukee Tribe of Florida and Lawyer Bernardo Roman, and not stating how the additional Defendants relate to his civil rights claim. [DE-11].

Having carefully reviewed Plaintiff's allegations, the court determines that Plaintiff's complaint is illogical, convoluted, and lacks an arguable basis in fact. *Neitzke*, 490 U.S. at 325. The court cannot surmise whether Plaintiff is bringing a civil rights violation case against the Clerk of Court of the United States Supreme Court, or seeks to challenge the dismissal of his appeal by the United States Supreme Court. To the extent Plaintiff asserts a federal claim for discrimination, he has alleged no facts whatsoever to support his claim, and "[c]onclusory allegations of discrimination are insufficient to state a claim." *Persaud v. Morgan State Univ.*, 34 F.3d 1066, 1994 WL 446797, at *2 (4th Cir. 1994) (citing *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990)); *see Williams v. North Carolina*, No. 5:12-CV-680-D, 2013 WL 6048740, at *4 (E.D.N.C. Nov. 14, 2013) (dismissing claim related to allegedly discriminatory foreclosure where plaintiffs made no plausible allegations to support an equal protection claim). Accordingly, he has failed to state a claim over which the court can grant relief.

To the extent Plaintiff seeks to have the dismissal of his United States Supreme Court case reversed, the court lacks jurisdiction to grant such a relief. Effectively, Plaintiff requests that this court issue a writ of mandamus to compel the United States Supreme Court to take action on a petition that he may have filed with that Court, or reverse a decision that was made by that Court. That claim for relief is legally deficient. First, mandamus relief is used by an "*[a]ppellate court*... 'to confine *an inferior court* to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it [has the] duty to do so.'" *United States v. Bertoli*, 994 F.2d 1014 (3d Cir. 1993) (emphasis added) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). The United States Supreme Court, as the highest court in the land, is obviously not an inferior court subject to a district court's directive. Second, there is no legal precedent recognizing as legally valid a claim asking an inferior court to compel a higher court to exercise the higher court's authority. Accordingly, the court lacks jurisdiction to grant the relief requested by Plaintiff.

### III. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that the case be dismissed for failure to state a claim over which the court has subject matter jurisdiction.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **December 21, 2017,** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the

magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, this the 7th day of December, 2017.

Robert B. Jones, Jr.
United States Magistrate Judge